## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

| | | |
|---|---|---|
| **ERIC O'BRIEN JOHNSON** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| VS. | : | |
| | : | NO. 5:14-CV-141 (CAR) |
| **Deputy Warden GEORGE IVEY,** *et al.*, | : | |
| | : | |
| **Defendants.** | : | **O R D E R** |

Plaintiff Eric O'Brien Johnson, a prisoner at Valdosta State Prison, filed the instant action under 42 U.S.C. § 1983 (ECF No. 1). On March 22, 2016, this Court issued an Order (ECF No. 52) accepting, over Plaintiff's objections, the Magistrate Judge's Report and Recommendation (ECF No. 49) that Defendants' Motion for Summary Judgment be granted. Plaintiff now wishes to proceed *in forma pauperis* ("IFP") on appeal from that Order (ECF No. 56).

A court may authorize an appeal of a civil action without prepayment of fees if the prisoner submits an affidavit that includes a statement of all assets and that states the prisoner is unable to pay or give security therefor. *See* 28 U.S.C. § 1915(a)(1). Nevertheless, this Court may deny *in forma pauperis* status if the Court determines the appeal is not taken in good faith. *See* 28 U.S.C. § 1915(a)(3) ("An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good

faith."). "Good faith" means that an issue exists on appeal that is not frivolous under an objective standard. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). An appeal is considered frivolous when it is brought "without arguable merit either in law or fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001).

The Court has reviewed Plaintiff's notice of appeal and the remainder of the record, and concludes that Plaintiff fails to raise a non-frivolous issue on appeal. The Court therefore certifies, pursuant to section 1915(a)(3), that Plaintiff's appeal is not taken in good faith. Accordingly, Plaintiff's motion to proceed *in forma pauperis* on appeal is hereby **DENIED**.[1]

If Plaintiff wishes to proceed with his appeal, he must pay the entire $505 appellate filing fee. Because Plaintiff has stated that he cannot pay the fee immediately, he must pay using the partial payment plan described under 28 U.S.C. § 1915(b). Pursuant to section1915(b), the prison account custodian where Plaintiff is confined shall cause to be remitted to the Clerk of this Court monthly payments of 20% of the preceding month's income credited to Plaintiff's account (to the extent the account balance exceeds $10) until the $505 appellate filing fee has been paid in full. Checks should be made payable to "Clerk, U.S. District Court." The Clerk of Court is **DIRECTED** to send a copy of this Order to the custodian of the prison in which Plaintiff is incarcerated.

Any further requests to proceed *in forma pauperis* on appeal should be directed to

---

[1] As the Court determines that Plaintiff's appeal is not taken in good faith, the Court need not consider whether Plaintiff is unable to pre-pay the appellate filing fees.

the United States Court of Appeals for the Eleventh Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

    **SO ORDERED**, this 27th day of October, 2016.

                                                          S/ C. Ashley Royal
                                                          C. ASHLEY ROYAL, JUDGE
                                                          UNITED STATES DISTRICT COURT